**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Swartzmiller Associates Incorporated,<br><br>            Plaintiff,<br><br>v.<br><br>Das Holz Haus LLC, et al.,<br><br>            Defendants. | No. MC-24-00051-PHX-DWL<br><br>**ORDER** |

This is a miscellaneous action brought by Swartzmiller Associates, Inc. ("SMA"). It relates to a pending lawsuit in the United States District Court for the Eastern District of Michigan in which SMA has sued Das Holz Haus, LLC and La Vern Schlabach (together, "Defendants"). That lawsuit, captioned *Swartzmiller v. Das Holz Haus, LLC et al.*, Case No. 2:22-cv-10529-JJCG-DRG (hereinafter, "the Michigan Action"), is a breach-of-contract action in which SMA seeks to recover certain unpaid sales commissions.

At issue here is a subpoena that Defendants issued to non-party GoDaddy.com, LLC ("GoDaddy"), which is based in Arizona, for certain non-content information related to two email accounts associated with SMA. (Doc. 1-1 at 4.) SMA has moved to quash the subpoena or, in the alternative, for a protective order concerning the subpoena. (Doc. 1.) The motion is now fully briefed. (Docs. 6, 7.) Additionally, Defendants have filed an opposed motion for leave to file to sur-reply. (Docs. 8, 10.)

For the reasons that follow, Defendants' motion for leave to file a sur-reply is granted and SMA's motion to quash or for a protective order is denied.

**ANALYSIS**

I.      Timeliness

A threshold issue raised in the parties' motion papers is whether SMA's motion should be denied on untimeliness grounds. Defendants argue that because the GoDaddy "subpoena's return date was November 29, 2024," yet SMA "waited until December 3, 2024 to move to quash" and had "no justification for the delay," it follows that SMA's "motion should be denied as untimely." (Doc. 6 at 10.) In response, SMA argues that its motion was timely because it sought relief within 14 days of when the subpoena was issued. (Doc. 7 at 6.) In the alternative, SMA argues that "failure to act timely will not bar consideration of objections or a motion to quash in unusual circumstances and for good cause." (*Id.*, cleaned up).

The Court agrees with Defendants that SMA's motion is untimely and should be denied on that basis. The relevant chronology is as follows. Although SMA inaccurately suggests in its motion papers that Defendants did not serve the subpoena on GoDaddy until December 2, 2024 (Doc. 1 at 2, 4; Doc. 7 at 8), the record clearly establishes that Defendants served the subpoena on GoDaddy on November 19, 2024. (Doc. 6-1; Doc, 9 at 3.)[1] It is undisputed that, on that same day, Defendants provided notice of the subpoena to SMA. (Doc. 1 at 4 [SMA's acknowledgement that "Defendants served SMA its notice of the GoDaddy Subpoena on November 19, 2024"].)[2]

---

[1] Because SMA raised additional arguments in its reply disputing whether GoDaddy was served with the subpoena on November 19, 2024 (Doc. 7 at 8), the Court concludes, in its discretion, that Defendants should be allowed to file their proposed sur-reply, which provides additional information bearing on that issue. *Sebert v. Ariz. Dep't of Corrections*, 2016 WL 3456909, *1 (D. Ariz. 2016) ("The Court has discretion to permit the filing of a sur-reply. In determining whether to allow a sur-reply, a district court should consider whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted.") (cleaned up). The Court also clarifies that the outcome here would be the same even if the sur-reply had been disregarded.

[2] SMA argues for the first time in its reply that "even if the Court were to accept that Defendants served the GoDaddy Subpoena the same day it was issued on November 19, 2024, then it would be clear that Defendants have violated the pre-notice requirement of Rule 45(a)(4), further warranting quashing of the GoDaddy Subpoena." (Doc. 7 at 8-9.) As an initial matter, this argument is forfeited. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a

- 2 -

The subpoena specified a compliance deadline of November 29, 2024 at 1:00 p.m. (Doc. 1-1 at 4.) Defendants' choice of that deadline was not accidental—although discovery in the Michigan Action had initially closed in 2023, Judge Grand issued an order in October 2024 that reopened discovery for certain limited purposes and specified that "[t]o the extent the parties intend to seek discovery from third parties regarding the parties' contractual negotiations and contract, said third party discovery must be completed by November 30, 2024." (Doc. 1-3 at 22 ¶ 8.) In other words, the November 29, 2024 compliance deadline was calculated to ensure compliance with the November 30, 2024 discovery cutoff.[3]

Notably, on November 22, 2024, SMA wrote a letter to Defendants objecting to the GoDaddy subpoena on various grounds, including that the November 29, 2024 compliance deadline was improper. (Doc. 9-1 at 3.) However, SMA did not file the pending motion for relief until December 3, 2024, which was four days after the compliance deadline. (Doc. 1.)

This chronology forms the backdrop for the timeliness analysis. One of the forms of relief sought by SMA is an order quashing the subpoena. This request is governed by Rule 45(d)(3)(A), which provides that "[o]n *timely motion*, the court for the district where compliance is required must quash or modify a subpoena" that violates certain other requirements. *Id.* (emphasis added). Most courts have concluded that, to be "timely" for purposes of Rule 45(d)(3)(A), "[a] motion to quash a subpoena must be made prior to the

---

reply brief."). Alternatively, this argument fails on the merits. *See, e.g., Bofi Federal Bank v. Erhart*, 2016 WL 1644726, (S.D. Cal. 2016) (rejecting argument that subpoena should be quashed because "the notice of subpoena was served concurrently as an attachment to the subpoena, and not in advance of service of the subpoena" and explaining that "[s]erving Gillam concurrently with the notice as an attachment to the subpoena fulfills the purpose of Rule 45(a)(4) to notify all parties of the subpoena"); *Cartessa Aesthetics LLC v. Aesthetics Biomedical Inc.*, 2020 WL 5846603, *1 (D. Ariz. 2020) (rejecting argument that subpoenas should be quashed due to one-day delay in providing notice).

[3] In their motion papers, the parties dispute when SMA first provided adequate notice to Defendants that GoDaddy might possess relevant information concerning SMA's email accounts. The Court finds it unnecessary to resolve this dispute because, even assuming Defendants could or should have issued the GoDaddy subpoena a bit earlier, their conduct in issuing the subpoena on November 19, 2024, with a November 29, 2024 compliance deadline, was permissible.

- 3 -

return date of the subpoena—that is, prior to the time specified in the subpoena for compliance." *Estate of Tillman by Tillman v. City of New York*, 345 F.R.D. 379, 385 (E.D.N.Y. 2024). *See also* 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 45, at 1373 (2022) ("A motion to quash is generally considered timely if it is brought before the time indicated for compliance."). That requirement was not satisfied here—as noted, the GoDaddy subpoena included a compliance deadline of November 29, 2024 but SMA did not seek judicial relief until December 3, 2024.

The other form of relief sought by SMA is a protective order. This request is governed by Rule 26(c)(1), which provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." As an initial matter, the Court lacks authority to grant a protective order under these circumstances, where it is not "the court where the action is pending" and SMA's request does not concern "matters relating to a deposition." 1 Gensler, *supra*, Rule 26, at 883-84 ("For non-deposition discovery, the motion for a protective order should be sought from the court in which the action is pending."); 1 Gensler, *supra*, Rule 45, at 1382-83 ("[I]n situations where compliance is requested in a district other than the one where the case is pending, then the motion vehicle used will matter because the compliance court will have power to hear a motion to quash but not a motion for protective order . . . ."). At any rate, even if the Court could grant relief under Rule 26(c), that rule imposes the same timing requirement as Rule 45(d)(3)(A). *See, e.g., In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 669 F.2d 620, 622 n.2 (10th Cir. 1982) ("[A] motion under [Rule] 26(c) for protection from a subpoena is timely filed if made before the date set for production."); 1 Gensler, *supra*, Rule 26, at 884 ("Parties or persons who intend to seek a protective order should do so before the time for responding to the discovery in question arrives.").

Notwithstanding all of this, SMA contends that its motion should be considered timely—and that it should be granted relief on the merits—because the 10-day compliance

period specified in the subpoena to GoDaddy (*i.e.*, November 19 to November 29) was too short. (Doc. 1 at 6-7; Doc. 7 at 6.) This argument is unavailing. Had *GoDaddy* chosen to object to the subpoena on the ground that the 10-day compliance period was too short, GoDaddy may have prevailed on that basis. *See, e.g., Bergeron v. Great West Cas. Co.*, 2015 WL 5307685, *2 (E.D. La. 2015) ("Rule 45 provides that a Court must quash or modify a subpoena when it 'fails to allow a reasonable time to comply.' However, the Rule does not specify what length of time is reasonable. Reasonableness varies depending on the circumstances of each case. The United States District Court for the Middle District of Louisiana has noted that anything less than 14 days is likely unreasonable."). *But see Oliver v. In-N-Out Burgers*, 2013 WL 12415761, *4 (S.D. Cal. 2013) ("The provisions of Rule 45 relating to objections to a subpoena imply that less than fourteen days for production of documents may be reasonable."). However, GoDaddy declined to raise such an objection. This omission is significant, because GoDaddy is the only entity that would be burdened by an overly compressed compliance period. For this reason, courts have consistently held that a non-recipient party, such as SMA, lacks standing to challenge a subpoena on the ground that the compliance period is too short. *See, e.g., Littlefield v. NutriBullet, L.L.C.*, 2018 WL 5264148, *5 (C.D. Cal. 2018) ("[N]either Defendant nor Capital Brands has standing to challenge the subpoenas served on [non-party] Chase Bank on the technical/procedural grounds that (1) the subpoenas were not personally served; (2) service was made upon CT Corporation; or (3) the production deadline was unreasonable."); *Cadle v. GEICO Gen. Ins. Co.*, 2014 WL 12621191, *6 (M.D. Fla. 2014) ("Plaintiff baldly argues that the subpoenas impose an undue burden on [the third-party recipients] because they do not provide them with a reasonable time to comply. . . . Here, Plaintiff was not the recipient of the subpoenas. Accordingly, Plaintiff lacks standing to challenge the subpoenas on the basis that they impose an undue burden.").

In a related vein, there is no merit to SMA's argument that because GoDaddy's compliance deadline should have been 14 days after when the subpoena was served (*i.e.*, December 3, 2024), that same date should also serve as the deadline for filing a motion to

quash. (Doc. 7 at 6.) As noted above, the law is clear that the actual compliance deadline—and not some later date that a non-recipient, who lacks standing to challenge the actual compliance deadline, believes should have been selected as the compliance deadline—is the deadline for filing a motion to quash under Rule 45 or a motion for protective order under Rule 26. This approach makes sense, as it would not promote efficiency to force subpoena recipients to incur the burdens of compliance and then allow non-recipients to seek a judicial determination concerning whether compliance should have been required.

SMA's final argument is that even if its motion was untimely—and it was, for the reasons discussed above—courts have discretion to overlook such untimeliness "in unusual circumstances and for good cause." (Doc. 7 at 6, citing *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381 (C.D. Cal. 2002)). On the one hand, the Court does not foreclose the possibility that, under the right set of facts, a motion to quash filed after the compliance deadline could be granted. *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 238 F. Supp. 2d 270, 278 n.6 (D.D.C. 2002) ("The Court is not here adopting an across-the-board rule that failure to file within the time for compliance with a subpoena is untimely. . . . Presumably, the time for compliance could be so small that it would not even permit time to file a motion to quash. In that case, it would be clearly unjust and outside the spirit of the rules to deny as untimely a motion to quash filed after the time for compliance."). On the other hand, the facts here do not support a finding of good cause. This is not a situation where SMA had insufficient time to seek judicial relief before the compliance deadline expired. To the contrary, SMA was able to formulate written objections to the GoDaddy subpoena and deliver them to Defendants on November 22, 2024. (Doc. 9-1.) Those objections mirror the arguments raised in SMA's pending motion. (*Id.*) SMA also wrote at the conclusion of its objections that "SMA requests that Defendants withdraw . . . the GoDaddy Subpoena . . . . Absent such an agreement, SMA will move to quash the subpoena[] and seek a protective order." (*Id.* at 5.) The Court recognizes that the time period in question overlapped with the Thanksgiving holiday, but SMA does not explain why it was unable to follow through on its threat to seek judicial relief until December 3,

2024, four days after the compliance deadline had expired, when it had already identified its arguments for opposing the subpoena by November 22, 2024, seven days before the compliance deadline.

II.  Merits

Although the analysis could end there, the Court also concludes, in an abundance of caution, that SMA is not entitled to relief on the merits.

SMA's first argument for why the subpoena should be quashed is that Defendants "fail[ed] to provide a reasonable time to comply." (Doc. 1 at 6-7, capitalization omitted.) But as noted, SMA lacks standing to raise such an objection. *Littlefield,* 2018 WL 5264148 at *5; *Cadle*, 2014 WL 12621191 at *6.

SMA's second argument is that the subpoena was "untimely" because it "appears to have been served on December 2, 2024," which was "after the close of the limited discovery period" in the Michigan Action. (Doc. 1 at 7-8.) This argument fails because it is rests on an inaccurate factual premise. As noted, Defendants served the subpoena on GoDaddy on November 19, 2024, with a compliance date of November 29, 2024. Both of those dates fall before the November 30, 2024 discovery cutoff in the Michigan Action.

SMA's final argument is that the subpoena is "too broad and seeks a large quantity of SMA's information that is not relevant to the case." (*Id.* at 8-10.) SMA also contends that the requested information "is not proportionate to the needs of limited discovery ordered by the presiding magistrate judge" and seeks information "that is accessible through traditional routes of discovery." (*Id.*, capitalization omitted.) These assertions are unavailing. As an initial matter, there is a colorable argument that SMA lacks standing to raise these types of objections. *See, e.g., Anstead v. Va. Mason Med. Ctr.*, 2023 WL 34505, *2 (W.D. Wash. 2023) ("This Court agrees with other district courts in the Ninth Circuit that a party generally lacks standing to object to a subpoena served on a third party on grounds of relevance or undue burden."); *Thao v. Lynch*, 2023 WL 2480860, *2 (E.D. Cal. 2023) (the "general rule" is that a party "lacks standing to object to [third-party] subpoenas on grounds of relevance or undue burden"); *Jiae Lee v. Dong Yeoun Lee*, 2020 WL

7890868, *5 (C.D. Cal. 2020) ("[O]nly the party to which the subpoena is directed has standing to object to the requests on the grounds that they are irrelevant, vague, overbroad, duplicative, unduly burdensome, etc."); 1 Gensler, *supra*, Rule 45, at 1381-82 ("[T]he prevailing view is that . . . a non-recipient party cannot move to quash or modify a subpoena on relevance, cost, or proportionality grounds.").[4] Nevertheless, even assuming that SMA has standing, Defendants have sufficiently established (Doc. 6 at 15-17) that the requested records are relevant and proportional to the needs of the case and that compliance would not be unduly burdensome to GoDaddy.

Accordingly,

**IT IS ORDERED** that:

1. Defendants' motion for leave to file a sur-reply (Doc. 8) is **granted**. The Clerk of Court shall file, in the docket, the proposed sur-reply lodged at Doc. 9.

2. SMA's motion to quash or, in the alternative, for a protective order (Doc. 1) is **denied**.

3. The Clerk shall close this miscellaneous action.

Dated this 28th day of January, 2025.

*Dominic W. Lanza*
United States District Judge

---

[4] It should be noted that "many courts . . . then hold that the non-party recipient can challenge the scope of the subpoena by seeking a protective order under Rule 26(c). The protective order mechanism is appropriate so long as the party is asserting its own interests—e.g., its interest in keeping the scope of discovery reasonable—rather than the interests of the subpoena target." 1 Gensler, *supra*, Rule 45, at 1382. However, as noted in earlier portions of this order, this Court is not the correct court from which to seek a protective order—any such request must be directed to "the court where the action is pending." *See* Fed. R. Civ. P. 26(c)(1).